CARDINAL PUBLISHING COMPANY, Appellant, vs. CITY OF MADISON, Respondent. [Two cases.]

*May 12—June 20, 1932.*

For the appellant there was a brief by *Sanborn, Blake & Aberg* of Madison, and oral argument by *John B. Sanborn*. *Theodore G. Lewis,* city attorney, for the respondent.

ROSENBERRY, C. J. It appears from the findings of the court that twenty per cent. of the printing income of the plaintiff in the year 1928 was derived from printing the East Side News and the West Side News. For the year 1929 the plaintiff's printing income from the same sources was 7.5 per cent. of its gross income, to which might be added the printing of the Central High School Mirror, 3.2 per cent., which would make its income from activities not associated with the University equal to 10.7 per cent. of its total income.

It is not considered necessary to again review the law which was declared when the matter was here on the former appeal. It is evident that the use made by the plaintiff of its property for non-exempt purposes cannot be claimed as incidental, negligible, or inconsequential. It is clearly substantial.

It is sought here to justify the plaintiff's position upon the theory that the property used for the non-exempt pur-

poses was property which was necessarily employed by the plaintiff for purposes which are exempt and that the use of the property when not employed for purposes which are exempt should not destroy the exemption. This construction would create an entirely new exemption statute. If the plaintiff wishes to claim the benefit of the exemption it should keep itself within the field prescribed by the legislature. Whether it goes out of that field or not is a matter of choice. It may stay in and receive the exemption. It may depart from it and pay its taxes. It has chosen to depart, therefore its property is subject to taxation.

*By the Court.*—Judgment in each case is affirmed.