By the Court.
 

 In refusing to grant a peremptory writ, the court below stated in substance that it was following the rule laid down by the majority in the case of
 
 State, ex rel. Ellis, City Solicitor,
 
 v.
 
 Sherrill, City Manager,
 
 136 Ohio St., 328, 25 N. E. (2d), 844. In disposing of that case, the majority confined itself to the issues as raised by the third defense of the answer. This defense alleged that the Cincinnati Metropolitan Housing Authority was borrowing from the United States Housing Authority to erect projects on vacant land in suburban (and not slum) sections of Cincinnati, and that such projects as planned would not be slum clearance within the meaning of the United States Housing Act of 1937 (Title 42, Section 1401
 
 et seq.,
 
 U. S. Code). The majority opinion and. decision did not take into consideration the question of tax exemption. However, tax exemption was referred to in the minority opinion.
 

 Section 2 of Article XII, Constitution of Ohio, provides, in part, that
 
 general
 
 laws may be passed to exempt * * * public property used exclusively for any public purpose * # (Italics ours.) It will be seen that this section of the Constitution is not self-executing. Under the authority thereby conferred, the Legislature passed Section 1464-1, General Code, defining the powers of the Board of Tax Appeals and providing, in part, as follows: “The Board of Tax Appeals shall exercise the following powers and perform the follow
 
 *237
 
 ing duties of the Department of Taxation: 1. To exercise the authority provided by law relative to consenting to the exemption of property from taxation, and revising the list of exempted property in any county
 
 * * *”•
 
 and Section 5570-1, General Code, which authorizes the county auditor to make a list of exempted property. This latter section contains also the following provision: “After this act takes effect no additions shall be made to such exempt lists nor additional items of property exempted under any of the sections enumerated herein without the consent of the Tax Commission # * #. The Tax Commission shall, prior to January 1, 1925, revise the list in every county so that no property is improperly or illegally exempted from taxation; and shall have the power to make further revisions at any time thereafter. The county auditor shall follow the orders of the Tax Commission given under this section. An abstract of such list shall be filed annually with such commission on a form to be approved by it, and a copy thereof shall be kept on file in the office of each county auditor for public inspection.”
 

 In the first paragraph of the syllabus in the case of
 
 State, ex rel. Methodist Book Concern,
 
 v.
 
 Guckenberger, Aud.,
 
 133 Ohio St., 27, 10 N. E. (2d), 1001, this court held: “Under the provisions of Section 5570-1, General Code, the Tax Commission has exclusive authority to declare property exempt, but the county auditor has authority in any year thereafter to strike property items from the exempt list and place them on the taxable list.”
 

 In the
 
 per curiam
 
 in
 
 State, ex rel. Methodist Book Concern,
 
 v.
 
 Guckenberger, Aud.,
 
 133 Ohio St., 373, 14 N. E. (2d), 9, the court said: “# * * this court decided that the Tax Commission has exclusive authority to declare property exempt * *
 

 The answer of the county auditor, appellee herein, admits that he has removed the property in question from the list of taxable property, has placed the same
 
 *238
 
 on the list of exempt property and has refused to restore such property and the improvements thereon to the taxable list. As the record fails to show the consent of the Board of Tax Appeals to the exemption from taxation of the property in question or to a revising of the list of exempted property in Franklin county, the writ should issue commanding the appellee auditor to restore the property of the Columbus Metropolitan Housing Authority to the tax duplicate of Franklin county and to remove the same from the list of exempted property of Franklin county until such time as the Board of Tax Appeals shall have consented to the exemption of the property in question from taxation.
 

 The judgment of the Court of Appeals will be reversed and judgment entered for appellant granting a writ of mandamus.
 

 Judgment reversed and final judgment for appellant.
 

 Weygandt, C. J., Turner, Wihliams, Hart, Zimmerman and Bettman, JJ., concur.
 

 Matthias, J., not participating.