Matthias, J.
 

 Whether the decision of the Board of Tax Appeals is reasonable and lawful depends upon a proper interpretation of Section 5353, General Code.
 

 Under Section 2 of Article XII of the Constitution of Ohio, general laws may be passed exempting from taxation property used exclusively for charitable purposes. Under this section of the Constitution, the Legislature enacted Section 5353, General Code, providing as follows:
 

 “Lands, houses and other buildings belonging to a county, township, city or village, used exclusively for the accommodation or support of the poor, or leased to the state or any political subdivision thereof for public purposes, and property belonging to institutions used exclusively for charitable purposes, shall be exempt from taxation.”
 

 While appellant admits that from 10 per cent to 20 per cent of its facilities are used for purely commercial purposes, its sales figures disclose that more than 40 per cent of its total revenues come from commercial printing done for regular business houses and in competition with ordinary printing establishments.
 

 Appellant relies upon the case of
 
 American Issue Publishing Co.
 
 v.
 
 Evatt, Tax Commr.,
 
 137 Ohio St., 264, 28 N. E. (2d), 613. The facts in the instant case, however, differ radically from the facts in the
 
 American Issue case.
 
 The American Issue Publishing Company did no outside or commercial work, and this court, upon the record in that case, held that The American Issue Publishing Company is an institution used exclusively for charitable purposes. It is clear from the record in the instant case that appellant’s property is not used
 
 exclusively
 
 for charitable purposes, but that its printing establishment is conducted in competition with other commercial printing plants.
 

 
 *291
 
 The use of property exclusively for charitable purposes is the criterion of exemption thereof from taxation. The right of exemption, derived from Section 2 of Article XII of the state Constitution, is lost if the property be appropriated to other uses.
 
 Cullitan, Pros. Atty.,
 
 v.
 
 Cunningham Sanitarium,
 
 134 Ohio St., 99, 16 N. E. (2d), 205, and cases there cited.
 

 In the case of
 
 Cardinal Publishing Co.
 
 v.
 
 City of Madison,
 
 208 Wis., 517, 243 N. W., 325, the Supreme Court of. Wisconsin had before it an exemption-from-taxes statute which provided that property owned by any educational association
 
 used exclusively
 
 for the purposes of such association should be exempt from taxation. The following statement of Chief Justice Rosenberry is pertinent here: “It appears from the findings of the coiirt that 20 per cent of the printing income of the plaintiff in the year 1928 was derived from printing the East Side News and the West Side News. For the year 1929 the plaintiff’s printing income from the same sources was 7.5 per cent of its gross income, to which might be added the printing of the Central High School Mirror, 3.2 per cent, which would make its income from activities not associated with the university equal to 10.7 per cent of its total income. * * * It is sought here to justify the plaintiff’s position upon the theory that the property used for the non-exempt purposes was property which was necessarily employed by the plaintiff for purposes which are exempt and that the use of the property when not employed for purposes which are exempt should not destroy its exemption. This construction would create an entirely new exemption statute. If the plaintiff wishes to claim the benefit of the exemption it should keep itself within the field prescribed by the Legislature. Whether it goes out of that field or not is a matter of choice. It may stay in and receive the exemption. It may depart from it and pay its
 
 *292
 
 taxes. It has chosen to depart, therefore its property is subject to taxation.”
 

 Appellant challenges the authority of the Board of Tax Appeals to order a revocation of an exemption from taxation. Section 1464-1, General Code, provides, in part, as follows:
 

 “The Board of Tax Appeals shall exercise the following powers and perform the following duties of the Department of Taxation:
 

 “1. To exercise the authority provided by law relative to consenting to the exempting of property from taxation, and revising the list of exempted property in any county./’
 

 Section 5570-1, General Code, provides, in part:
 

 “The Tax Commission shall, prior to January 1, 1925, revise the list in every county so that no property is improperly or illegally exempted from taxation; and shall have power to make further revision at any time thereafter.”
 

 The foregoing statutes confer full authority upon the Board of Tax Appeals for its action and decision herein.
 
 State, ex rel. Bartlett, Pros. Atty.,
 
 v.
 
 Thatcher, County Aud.,
 
 138 Ohio St., 235.
 

 Appellant challenges the right of the seven individual appellees herein to invoke the jurisdiction of the Board of Tax Appeals under Section 5616, General Code. However, this question is immaterial here, for the reason that it is the duty of the Board of Tax Appeals under Sections 1464-1 and 5570-1, General Code, to see that no property is improperly or illegally exempted from taxation. It therefore has the power to revise the list of exempted property at any time, and this it may do
 
 sua sponte.
 

 This court will not interfere with a decision of the Board of Tax Appeals unless it appear from a consideration of the entire record that such decision is unreasonable or unlawful.
 
 Board of Education of
 
 
 *293
 

 Cleveland Heights City School Dist.
 
 v.
 
 Evatt, Tax Commr.,
 
 136 Ohio
 
 St,
 
 283, 25 N. E. (2d), 453.
 

 Being of the opinion that the decision of the Board of Tax Appeals is reasonable and lawful, such decision is affii’med.
 

 Decision affirmed.
 

 Weygandt, O. J., Turner, 'Williams, Hart, Zimmerman and Bettman, JJ., concur.