Turnee, J.
 

 Cases decided by this court involving the exemption from taxation of charitable institutions must be read in the light of the then applicable constitutional and statutory provisions.
 

 
 *188
 
 As said by Chief Justice Nichols in the case of
 
 Rose Institute
 
 v.
 
 Myers, Treas.,
 
 92 Ohio St., 252, 254, 110 N. E., 924:
 

 “The Supreme Court has been frequently called upon to interpret the statutes exempting properties from taxation, and quite an array of reported cases •on this subject are available.”
 

 In the more than a quarter of a century which has •elapsed since that was written, another substantial array of cases on the same subject has been accumulated.
 

 Under the wording of Section 2 of Article XII of the Constitution of Ohio now in force, such exemptions .are now limited to those “institutions
 
 used exclusively
 
 for charitable purposes.” (Italics ours.)
 

 Section 5353, General Code, provides:
 

 “* * * property belonging to institutions
 
 used ex-elusively
 
 for charitable purposes shall be exempt from taxation.” (Italics ours.)
 

 We have repeatedly held that statutes granting tax exemptions are to be strictly construed and that we indulge no presumption favorable to such exemptions.
 

 In the recent case of
 
 In re Estate of Taylor,
 
 139 Ohio St., 417, 40 N. E. (2d), 936, we held:
 

 “A right to exemption from taxation must appear with reasonable certainty in the language of the Constitution or valid statute and must not depend upon a doubtful construction of such language.”
 

 In the case of
 
 Jones, Treas.,
 
 v.
 
 Conn et al., Trustees,
 
 116 Ohio St., 1, 155 N. E., 791, we held:
 

 “Under Section 2 of Article XII of the Constitution of Ohio, in its present form, the personal property belonging to an institution of public charity is exempt from taxation only when used exclusively for charitable purposes * * *.”
 

 In the case of
 
 Zindorf
 
 v.
 
 Otterbein Press,
 
 138 Ohio St., 287, 34 N. E. (2d), 748, we held:
 

 “The use of property exclusively for charitable pur
 
 *189
 
 poses is the criterion of exemption thereof from taxation. The right of exemption derived from Section 2 •of Article XII of the state Constitution is lost if the property be appropriated to any other uses.
 
 (Cullitan, Pros. Atty.,
 
 v.
 
 Cunningham Sanitarium,
 
 134 Ohio St., 99, approved and followed.)”
 

 The case of
 
 American Issue Publishing Co.
 
 v.
 
 Evatt,
 
 137 Ohio St., 264, 28 N. E. (2d), 613, is a border-line case and is to be confined to the facts of that case. As stated in the
 
 per curiam
 
 opinion, the court came to its conclusion “upon the facts outlined above.”
 

 In the instant case, the record shows that the gross sales of publications for the year 1939 amounted to $378,176.89; the net sales, $376,292.07.
 

 The testimony shows that the surplus earnings or net profit, after paying the living expenses of workers amounting to $55,160.38 for the year and other expense of operation, was used for charitable purposes. Under some former language of the constitutional and statutory provisions this use of the property would not have precluded its exemption from taxation. However, under the present law, the test is the
 
 present use
 
 of the property rather than the ultimate use of the proceeds.
 

 The use of part of these premises as living quarters for employees of the printing and publishing establishment and even of the purely religious activities of appellant is analogous to the “use” passed upon in the cases of
 
 Gerke, Treas.,
 
 v.
 
 Purcell,
 
 25 Ohio St., 229, and
 
 Watterson
 
 v.
 
 Halliday, Aud.,
 
 77 Ohio St., 150, 82 N. E., 962,
 
 inter alia.
 
 No separate question of exemption was raised in respect of the chapel, which occupied but 2.3 per cent of the cubic space in the buildings.
 

 As said by Judge Matthias at page 292 in the case of
 
 Zindorf
 
 v.
 
 Otterbein Press, supra:
 

 “This court will not interfere with a decision of the Board of Tax Appeals unless it appear from a consideration of the entire record that such decision is unreasonable or unlawful.”
 

 
 *190
 
 As we are of the opinion that the decision of the-Board of Tax Appeals in the instant case is reasonable and lawful, such decision is affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Matthias and Bettman, JJ.,. concur.
 

 Williams, Hart and Zimmerman, JJ., dissent.