Turner, J.
 

 The Attorney General questions- the .jurisdiction of the Board of Tax Appeals in this matter. We are of the opinion that the Board of Tax Appeals does have the necessary jurisdiction. Sections 1464-1 (1) and 5570-1, General Code, make it the duty ■of the Board of Tax Appeals to see that no property is illegally exempted from taxation.
 
 In re Complaint of Taxpayers: Zindorf
 
 v.
 
 Otterbein Press,
 
 138 Ohio St., 287, 34 N. E. (2d), 748;
 
 State, ex rel. Bartlett, Pros. Atty.,
 
 v.
 
 Thatcher, County Aud.,
 
 138 Ohio St., 235, 34 N. E. (2d), 440;
 
 State, ex rel. Methodist Book Concern,
 
 v.
 
 Guckenberger, Aud.,
 
 133 Ohio St., 27, 10 N. E. (2d), 1001.
 

 Section 5570-1, General Code (110 Ohio Laws, 77), ;as it stood prior to August 21, 1941, contained the following provision:
 

 “After this act takes effect no additions shall be made to such exempt lists nor additional items of -property exempted under any of the sections enumer
 
 *470
 
 ated herein without the consent of the tax commission * * * .”
 

 As amended in 119 Ohio Laws, 336, effective August 21, 1941, this section provides:
 

 “The,board of tax appeals shall, prior to January 1,1942, revise the list in every county so that no property is improperly or illegally exempted from taxation; and shall have power to make further revisions at any time thereafter.”
 

 Under Section 1464, General Code (118 Ohio Laws, 344), the Tax Commission was succeeded by the Board of Tax Appeals and the Tax Commissioner, and in Section 1464-1, General Code (118 Ohio .Laws, 345), it was made the duty of the Board of Tax Appeals:
 

 “1. To exercise the authority provided by law relative to consenting to the exempting of property from taxation, and revising the list of exempted property in any county.”
 

 Appellant’s application for exemption has attached to it a certificate of the county treasurer certifying that no taxes have been levied upon the property in question. Therefore, there' are no delinquent taxes. (Section 5570-1, General Code.) .
 

 Section 5616, General Code, has no application here for the reason that no complaint is made of the determination of the county auditor respecting the liability of any property for taxation. Therefore, we need not stop to inquire whether that section applies to personal as well as real property. However, it should be noted in" passing that the county auditor found that the property should be exempt.
 

 No distinction is made between real and personal property in Section 5353, General Code, in respect of property used exclusively for charitable purposes, or in either Section 1464-1 (1) or Section 5570-1, General Code. On the contrary, it is made the duty of the
 
 *471
 
 county auditor under Section 5570-1 to make a list of all property, both real and personal, which is exempted from taxation under Section 5353, being the section under which the exemption is claimed in this case. However, the duties of the county auditor are not material here and are discussed solely upon appellees’ claim that Section 5616, General Code,.should have been followed. An interesting discussion in respect of this last mentioned section will be found in the case of
 
 Conn et al., Trustees,
 
 v.
 
 Jones, Treas.,
 
 115 Ohio St., 186, 152 N. E., 897.
 

 This court may reverse a decision of the Board of Tax Appeals only if we are of the opinion that such decision is unreasonable or unlawful. Section 5611-2, General Code.
 

 In 'arriving at its decision in this case t'he Board of Tax Appeals relied upon the cases of
 
 Jones, Treas.,
 
 v.
 
 Conn et al., Trustees,
 
 116 Ohio St., 1, 155 N. E., 791, and
 
 Incorporated Trustees of the Gospel Worker Society
 
 v.
 
 Evatt, Tax Commr.,
 
 140 Ohio St., 185, 42 N. E. (2d), 900. While the facts in the latter case are not similar to the facts in the instant case, the facts in the former case (often referred to as the
 
 Marsh Foundation .case)
 
 do bear some similarity, as the trustees in that case were holders of the property prior to the beginning of the charitable use thereof just as appellant holds its property prior to disposing of it for a charitable use. The facts in the
 
 Gospel Worker case
 
 disclose a difference in degree rather than in kind. We cannot agree with the contention oF appellant that it did not engage in any business activity. Appellant has the power to invest and reinvest, hold and manage its property. During the short time appellant had. been in existence prior to the inception of this case, appellant had earned $10,115 in dividends and $2,517.22
 
 *472
 
 in interest. The charitable use of appellant’s assets begins only after appellant parts with the title and. possession of such property to another charitable institution.
 

 In the
 
 Marsh Foundation case, supra,
 
 this court held:.
 

 ‘ ‘ Under Section 2 of Article XII of the Constitution of Ohio, in its present form, the personal property belonging to an institution of public charity is exempt from taxation only when used exclusively for charitable purposes, and, if such personal property is invested for financial purposes during the period before the charity was being dispensed by the institution, it is not exempt from taxation during such period.
 
 (Rose Institute
 
 v.
 
 Myers, Treas.,
 
 92 Ohio St., 252, 110 N. E., 924, L. R. A., 1916D, 1170, and
 
 State, ex rel. Boss,
 
 v.
 
 Hess, Aud.,
 
 113 Ohio St., 52, 148 N. E., 347, approved and followed.)”
 

 While there has been a further amendment of Section 2 of Article XII of the Constitution (not material here) since the decision in the foregoing ease, Section 5353, General Code, which is relied upon here and which was relied upon in the
 
 Marsh Foundation case,.
 
 has not been changed since the decision in the last mentioned case. The language of Section 5353 is clear and unambiguous and authorizes the exemption of “property
 
 belonging to institutions
 
 used exclusively for charitable purposes.” (Italics ours.) It is the-property rather than the institution which the statute exempts and such property is exempted only when it is used exclusively for charitable purposes.
 

 The word “institutions” is
 
 descriptio personae
 
 and describes the owners or holders whose property may be exempted. The words “property belonging to institutions used exclusively for charitable purposes” comprise the subject of this phrase. Therefore, there is no occasion to discuss the rule of the last antecedent.
 

 
 *473
 
 Section 2 of Article XII of the Constitution does authorize the General Assembly to exempt
 
 institutions
 
 used exclusively for charitable purposes. But such section is not self-executing and the extent to which the General Assembly has acted under such authorization is to exempt the
 
 property
 
 belonging to such institutions and not the institutions themselves. We are not unmindful that in the
 
 per curiam
 
 opinion in
 
 American Issue Publishing Co.
 
 v.
 
 Evatt, Tax Commr.,
 
 137 Ohio St., 264, 266, 28 N. E. (2d), 613, after discussing the language of Section 2 of Article XII of the Constitution, it was said: “The American Issue Publishing Company is an institution
 
 used
 
 exclusively for charitable purposes.” As we said in the
 
 Gospel Worker case, siopra,
 
 the
 
 American Issue Publishing Company case
 
 “is a border-line case and is to be confined to the facts in that case.” In that case the court approved the exemption of the property.
 

 We have no doubt that The Wehrle Foundation is a charitable institution devoted to a worthy cause, but under the plain language of the statute its property was was not, at the time the exemption herein was asked for, being used exclusively for charitable purposes. The law applicable here is set out in the syllabi of the cases of
 
 Jones, Treas.,
 
 v.
 
 Conn et al., Trustees, supra,
 
 and
 
 Gospel Worker Society
 
 v.
 
 Evatt, Tax Commr., supra.
 
 The syllabus of the latter case reads:
 

 “1. Property belonging to a charitable institution may not be exempted from taxation unless it is used •exclusively for charitable purposes.
 

 “2. Under Section 2 of Article XII, Constitution •of Ohio, and Section 5353, General Code, property which is used to produce income to be used exclusively for charitable purposes may not be exempted from taxation. The test is the present use of the property
 
 *474
 
 rather than the ultimate use of the proceeds received from the property sought to be exempted.”
 

 Therefore, it is the duty of this court to affirm the decision of the Board of Tax Appeals in this case.
 

 Decision affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman and Bell, JJ., concur.
 

 Williams, J., not participating.