Zimmerman, J.
 

 In determining the ultimate question of whether the decision of the Board of Tax Appeals is unreasonable or unlawful, this court is required to consider certain provisions of the laws of Ohio and apply them to the facts of the case.
 

 Section 2, Article XII of the Constitution of- Ohio simply authorizes,
 
 inter alia,
 
 the passage of laws to exempt burying grounds from taxation.
 

 Section 5350, General Code, provides:
 

 “Lands used exclusively as graveyards, or grounds for burying the dead, except such as are held by a person, company or corporation with a view to profit, or for the purpose of speculating in the sale thereof, shall be exempt from taxation.”
 

 Section 10093, General Code, provides that a company or association incorporated for cemetery purposes may acquire and hold, not exceeding six hundred forty acres of land, which shall be exempt from taxation, if held exclusively for burial purposes, and in nowise with a view to profit.
 

 Appellant’s position is that its property, owned in fee simple, is laid out and dedicated exclusively for a cemetery and is being used strictly therefor on a nonprofit basis; hence, such property is exempt from taxa
 
 *403
 
 tion within the meaning and intent of the Ohio statutes. Appellant argues further that purchasers of burial lots secure no title to the land, but merely an easement, a license or a privilege therein, to bury human remains, and that if some of the purchasers of lots in appellant’s cemetery acquired the same for future sale at a profit, this circumstance has no relationship to the taxability of appellant’s property.
 

 In their brief, the appellees concede that the property of the cemetery, containing lots wherein burials have been made and the part where lots have actually been sold for burial purposes, would probably be exempt from taxation; but since, under the evidence, lots of this character were not identified by the appellant and since it is apparent that numerous lots were purchased and are being held for speculation, the decision of the Board of Tax Appeals is correct.
 

 In other words, the appellant contends that the purpose for which cemetery property is held and used by a cemetery association is the test of taxability or nontaxability, while the appellees contend that the purpose for which such property is possessed and held by any person determines taxability or nontaxability under the Ohio statutes.
 

 In approaching a decision in this case, we are met by the well established principle that taxation is the rule and exemption the exception. Therefore, property which is claimed to be exempt from the payment of taxes must come squarely within exemption provisions, since language which relieves from taxation is to be strictly construed. 38 Ohio Jurisprudence, 852, Section 114;
 
 Cullitan, Pros. Atty.,
 
 v.
 
 Cunningham Sanitarium,
 
 134 Ohio St., 99, 16 N. E. (2d), 205. Compare,
 
 City of Lima
 
 v.
 
 Lima Cemetery Assn.,
 
 42 Ohio St., 128, 130, 51 Am. Rep., 809, 811.
 

 Construing Sections 5350 and 10093, General Code, with the above rule in mind, they mean that if cerne
 
 *404
 
 tery lands are
 
 held
 
 by anyone for profit or for speculation, they are taxable.
 

 Interpreting laws similar to those with which we are dealing, the court said in the case of
 
 Ivy Hill Cemetery Company’s Appeal,
 
 102 Pa. Super., 340, 344, 183 A., 84, 85:
 

 “* * * we are not concerned with a question as to whether the cemetery grounds were used for profit by the cemetery company, but are bound to consider whether such land was in fact used or held by any one for private or corporate profit.”
 

 It was determined in that case that the portion of the land of a cemetery company, occupied by a mausoleum company engaged in the sale of burial crypts for profit, was taxable.
 

 The fact that the cemetery lots which have been sold may not be owned by the purchasers in fee simple is not controlling. They represent an integral part of the cemetery lands, and if held “with a view to profit, or for the purpose of speculating in the sale thereof,” the right to exemption does not exist.
 

 Where the use of property or the purpose for which it is held is made the test of exemption from taxation, it is immaterial in whose name the title stands. 2 Cooley on Taxation (4 Ed.), 1421, 1426, 1451, Sections 680, 682, 690. Compare,
 
 Cleveland Library Assn.
 
 v.
 
 Pelton, Treas.,
 
 36 Ohio St., 253;
 
 Benjamin Rose Institute
 
 v.
 
 Myers, Treas.,
 
 92 Ohio St., 252, 110 N. E., 924, L. R. A. 1916D, 1170;
 
 State, ex rel. Boss, v. Hess, Aud.,
 
 113 Ohio St., 52, 148 N. E., 347;
 
 Incorporated Trustees of the Gospel Worker Society
 
 v.
 
 Evatt, Tax Commr.,
 
 140 Ohio St., 185, 42 N. E. (2d), 900;
 
 Wehrle Foundation
 
 v.
 
 Evatt, Tax Commr.,
 
 141 Ohio St., 467, 49 N.E. (2d), 52.
 

 The cases of
 
 Georgia Mausoleum Co.
 
 v.
 
 City of Dublin,
 
 147 Gla., 652, 95 S. E., 233, and
 
 Metairie Cemetery-Assn.
 
 v.
 
 Board of Assessors,
 
 37 La. Ann., 32, would
 
 *405
 
 seem to contain statements contrary to the position adopted herein, but we think the sounder reasoning-supports our conclusions. In short, the exemption of burial grounds from taxation is not intended to relieve from the payment of taxes any parts thereof
 
 held
 
 by anyone for gain and profit.
 

 Upon the evidence presented, we are unable to say that the Board of Tax Appeals was unwarranted in finding that a considerable number of the lots in the Crown Hill Cemetery were acquired and are held not for utilization in burying- the dead, but with the end in view of reselling them at a profit. And since the appellant herein, seeking exemption, failed to produce •evidence by which its land held for speculative purposes and the part thereof which might fairly be subject to exemption could be separated, we cannot say that the decision of the Board of Tax Appeals denying exemption was unreasonable or unlawful, and such ■decision is therefore affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Matthias and Turner, JJ., concur.
 

 Hart, Bell and Williams, JJ., dissent.