Per Curiam.

The basic question presented on this appeal is whether the tangible personal property used in the operation of The Lutheran Book Shop was used exclusively for charitable purposes.
Appellant contends that its operations are not conducted for gain, profit or income within the meaning of the Ohio Code, and, if there is such profit or gain, it is not such as would preclude a finding that the operations of the shop are exclusively charitable in nature.
*361 Section 5709.01, Bevised Code, relative to taxable property, provides that all personal property located and used in business in this state is subject to taxation.
The term, “business,” as used in Title LYII (57) of the Bevised Code, relative to taxation, is defined in Section 5701.08, Bevised Code, as including “all enterprises conducted for gain, profit or income and extends to personal service occupations.” The activities of The Lutheran Book Shop are such as bring it within the above-quoted definition.
The fact that a corporation is one not for profit does not mean that its enterprises may not be conducted for gain, profit or income. There is a distinction between gain, profit or net income to the incorporators or members, and gain, profit or net income to the corporation as a legal entity. American Jersey Cattle Club v. Glander, Tax Commr., 152 Ohio St., 506, 90 N. E. (2d), 433.
The question whether property is used exclusively for charitable purposes must be determined from the facts of each particular case.
Section 5709.12, Bevised Code, provides in part: “Beal and tangible personal property belonging to institutions that is used exclusively for charitable purposes shall be exempt from taxation.”
“Under Section 2 of Article XII, Constitution of Ohio, and Section 5353, General Code [Section 5709.12, Bevised Code], property which is used to produce income to be used exclusively for charitable purposes may not be exempted from taxation. The test is the present use of the property rather than the ultimate use of proceeds received from the property sought to be exempted.” Incorporated Trustees of the Cospel Worker Society v. Evatt, Tax Commr., 140 Ohio St., 185, 42 N. E. (2d), 900.
The purpose of The Lutheran Book Shop is to make available to the people of Toledo a source of religious materials and supplies. It is being operated as a commercial enterprise.
“Where a substantial portion of the gross income of a corporation is received for work done in competition with commercial concerns in the same line, the property of such corporation may not be exempted from taxation under Section 5353, General Code [Section 5709.12, Bevised Code], *362 even though such corporation be one formed not for profit and owned by a religious institution, for whose use, benefit and be-hoof the property of the corporation is held.” In re Complaint of Taxpayers, 138 Ohio St., 287, 34 N. E. (2d), 748.
Tax exemption statutes must be strictly construed. No presumption favorable to the exemption of property from taxation will be indulged. This must necessarily be the rule in order to; preserve equality in the burden of taxation. Goldman, a Taxpayer, v. Robert E. Bentley Post No. 50, American Legion, 158 Ohio St., 205, 107 N. E. (2d), 528.
The decision of the Board of Tax Appeals is affirmed.

Decision affirmed.

Weygandt, 0. J., Matthias, Hart, Zimmerman, Stewart and Bell, JJ., concur.