Per Curiam.

The question for determination here is whether the decision of the Board of Tax Appeals is unreasonable or unlawful.
Appellant contends that the subject property should be exempted under Section 5709.12, Revised Code, which provides *314 in’part that “real and tangible personal property belonging to institutions that is used exclusively for charitable purposes shall be exempt from taxation,” and under Section 5709.17, which provides in part that “real estate and tangible personal property held or occupied by a war veterans’ organization, which is organized exclusively for charitable purposes and incorporated under the laws of this state or the United States, except real estate held by such organization for the production of rental income, shall be exempt from taxation.”
“An exemption from taxation must be clearly and expressly stated in the statute and must be such only as is authorized by the Constitution.” City of Cleveland v. Board of Tax Appeals, 153 Ohio St., 97.
Section 2 of Article XII of the Constitution provides that general laws may be passed to exempt from taxation “institutions used exclusively for charitable purposes.” This is a limitation on the legislative power to enact laws exempting property, and the General Assembly may not exempt from taxation property of a charitable institution not used exclusively for charitable purposes.
The subject property was not being used exclusively for charitable purposes during the tax years in question and, therefore, was not entitled to exemption under Section 5709.12, Revised Code, even if the income from the Idento-Tags operation were ultimately used exclusively for charitable purposes. Incorporated Trustees of Gospel Worker Society v. Evatt, Tax Commr., 140 Ohio St., 185.
With respect to the applicability of the above-quoted provision of Section 5709.17, Revised Code, to the subject property, if it is to be construed to exempt from taxation only that property owned by a charitable institution which is used exclusively for charitable purposes, it is not in conflict with the Constitution.
If the above-quoted provision were to be construed to grant a tax-exempt status to all property owned by a war veteran’s organization, except as therein expressly stated, which is organised exclusively for charitable purposes, although not used exclusively for charitable purposes, it would not meet the constitutional test for exemption. The use, not the ownership, is *315 the test. It is the property, not the institution, that is being taxed.
The subject property was not entitled to exemption under the provisions of Section 5709.17, Revised Code.
The decision of the Board of Tax Appeals is neither unreasonable nor unlawful and is, hereby, affirmed.

Decision affirmed.

Weygandt, C. J., Zimmerman, Matthias, Bell, Herbert and Peck, JJ., concur.
Taet, J., dissents.