By the Court.
 

 Section 5353, General Code (110 Ohio Laws, 77), provides:
 

 “ Lands, houses and other buildings belonging to a county, township, city or village, used exclusively for the accommodation or support of the poor, or leased to the state or any political subdivision thereof for public purposes, and property belonging to institutions used exclusively for charitable purposes, shall be exempt from taxation.”
 

 The facts disclosed by the records in these cases render the case of
 
 Incorporated Trustees of Gospel Worker Society
 
 v.
 
 Evatt, Tax Commr.,
 
 140 Ohio St., 185, 42.N. E. (2d), 900, controlling here.
 

 The syllabus in that case is as follows:
 

 “1. Property belonging to a charitable institution may not be exempted from taxation unless it is used exclusively for charitable purposes.
 

 “2.
 
 Under Section 2 of Article XII, Constitution of Ohio, and Section 5353, General Code, property which is used to produce income to be.used exclusively for charitable purposes may not be exempted from taxation. The test is the present use of the property rather than the ultimate use of proceeds received from the property sought to be exempted.”
 

 In numerous other cases this court has held that exemption from taxation may not be granted where real or personal property of a charitable institution is applied toward producing- income which is used exclusively for charitable purposes. See
 
 Benjamin Rose
 
 Insti-,
 
 *202
 

 tute
 
 v.
 
 Myers, Treas.,
 
 92 Ohio St., 252, 110 N. E., 924, L. R. A. 1916D, 1170, and
 
 Jones, Treas.,
 
 v.
 
 Conn et al., Trustees,
 
 116 Ohio St., 1,155 N. E., 791, which are cited in the
 
 Gospel Worker case, supra.
 

 The Board of Tax Appeals also denied the exemption authorized by Section 5351, General Code, and counsel for appellants do not challenge such determination in this court .
 

 The decisions of the Board of Tax Appeals are reasonable and lawful and are affirmed.
 

 Decisions affirmed.
 

 Weygandt, C. J., Zimmerman, Bell, Williams, Turner, Matthias and Hart, JJ., concur.