Stewart, J.
It is agreed by all the parties in this case that the sole question before this court is whether the real and tangible personal property used by The Hubbard Press in the printing enterprise in which it is •engaged is used exclusively for a charitable purpose. We are of the opinion that such property is so used and that this ease comes squarely within the opinion and decision of this court in the case-of Ameri *175 can Issue Publishing Co. v. Evatt, Tax Commr., 137 Ohio St., 264, 28 N. E. (2d), 613.
In the American Issue case it appeared that The American Issue Publishing Company was incorporated in Ohio under the sponsorship and actual control of the Anti-Saloon League of America, and that the publishing company was a corporation for profit, with an authorized capital stock of $10,000. Its lands and other property were acquired from donations and the' stock which was issued was held by persons in trust for the Anti-Saloon League, the shareholders being prohibited from receiving income from the shares oir from transferring them or the property of the company to any person or persons other than those designated by the board of the Anti-Saloon League.
Those shares of stock and the complete control of the company duly passed to The Temperance Education Foundation, Inc., a nonprofit Ohio corporation organized and functioning solely for the purpose of temperance education. The publishing company coiifined itself wholly to printing literature and furnishing supplies for a consideration to the organization .'which sponsored it and to affiliated enterprises engaged ;in temperance work. Profits derived by the publishing company from its activities were devoted to providing additional equipment and increased facilities to promote and assist various projects and under.takings connected with temperance education in harmony with the policy of this state. None of the profit of the publishing company was ever paid to any of its shareholders-nor was such payment possible under- the arrangement under which the shares were held.
Upon the facts as above set out this court held that the publishing company was an institution used exclusively for charitable purposes within the 'contemplation .of .the. Constitution, and that by virtue of Section 5353, General'Code, its property'was not-taxable.
*176 In our opinion the facts in the present case present a stronger case for exemption than those presented in the American Issue case:
In the American Issue case the publishing company was a corporation organized for profit and not only furnished literature and supplies for a consideration to its sponsor but likewise to affiliated enterprises engaged in temperance work.
In the present case applicant was organized as a corporation not for profit by the Presbyterian Church in the United States and is furnishing only those facilities which are essential to the carrying on of the great religious and charitable work of the Church.
In the American Issue case the profits derived by the publishing company from its acivities were devoted to providing additional equipment and increasing its facilities to promote and assist various projects and undertakings in connection with temperance education, whereas in the present case the plan of the applicant is to have no profits except so far as are necessary to take care of fluctuating prices and costs of future operations.
In the American Issue case not one penny of profit was ever paid to any shareholder of the publishing •company, whereas, in the present case, there are no shareholders and no personal gain to .any one, not even the trustees receiving any compensation.
In the American Issue case the court held that the publishing company was an institution used exclusively for charitable purposes because temperance education was in harmony with the policy of the state. Assuredly the extension of the Kingdom of God throughout the earth and the support and maintenance of the benevolent, charitable, missionary, and religious activities and objects of the Presbyterian churches and congregations throughout the United States are in harmony with the policy of Ohio.
*177 In the third Article of the Ordinance of the Northwest Territory of 1787 it is declared that religion, morality, and knowledge are necessary to good government and the happiness of mankind, and in Article I, Section 7 of the Constitution of Ohio, it is stated, “religion, morality and knowledge, however, being essential to good government, it shall be the duty of the General Assembly to pass suitable laws to protect every religious denomination in the peaceable enjoyment of its own mode of public worship and to encourage schools and the means of instruction.”
It would seem an unanswerable conclusion that, if a corporation for profit, publishing pamphlets and furnishing supplies for a consideration, is an institution used exclusively for charitable purposes, because its work is connected with temperance education in harmony with the policy of this state, a nonprofit corporation, a branch of a great Church, engaged in exclusively furnishing supplies without profit to that Church as an essential means for not only carrying on its great religious and benevolent activities but for preserving its very life, comes squarely within the tax exemption provided by Section 5353, General Code.
The board argues that this court has somewhat departed from the doctrine of the American Issue case in its subsequent decisions and cites In re Complaint of Taxpayers, 138 Ohio St., 287, 34 N. E. (2d), 748; Wehrle Foundation v. Evatt, Tax Commr., 141 Ohio St., 467, 49 N. E. (2d), 52; and Burns v. Glander, Tax Commr., 146 Ohio St., 198, 64 N. E. (2d), 678.
An examination of those cases discloses that they are in no way in conflict with the American Issue case.
In re Complaint of Taxpayers was a case in which the Otterbein Press, owned by a church, was placed on the exempt list by order of the Tax Commission. In that case it appeared that more than 40 per cent of the total revenues of the applicant came from com *178 mercial printing done for regular business Houses and in competition with ordinary printing establishments. This court held that the use of propérty exclusively for charitable purposes is the criterion of exemption thereof from taxation, and that the right of exemption is lost if the property be- appropriated to other uses.
In the opinion the case was distinguished from the American Issioe case because of the outside business activities of the applicant for exemption.
In the Wehrle case the property for which exemption from taxation was claimed was held by a nonprofit corporation for the purpose of ultimate distribution to such selected organizations as are operated for religious, charitable, scientific, literary, or educational purposes, or the prevention of cruelty to children or animals, and this court held that such property was not exempt because it. was not presently being used for charitable purposes, the test being the present use of the property.
In the Burns case the property sought to be exempted was a farm which had been given to trustees to provide a home -for aged and destitute .people, but exemption was denied for the reason that' the farm wáfe rented and the proceeds used' for the aged and the destitute, and, therefore, the present use of the farm itself was not exclusively for charitable purposes.
The Burns case was decided upon the authority of Incorporated Trustees of the Gospel Worker Society v. Evatt, Tax Commr., 140 Ohio St., 185, 42 N. E. (2d), 900, in which this court held that,' “under Section -2 of Article XII, Constitution of Ohio,-and Section 5353, General Code, property which is used, to produce income to be used exclusively for charitable purposes may not be exempted from taxation. The test is the present use of the property father than the ultimate use of'proceeds received from the property sought to be exempted...
*179 In the Gospel Worker Society case property was sought to he exempted which contained dormitories, dining rooms, kitchen, chapel, printing shops, and warehouses, and it was apparent that the charitable uses of the property were not exclusive.
In the present case the property sought to be exempted is used solely in carrying on the work and purposes of the Presbyterian Church. There is no outside or extraneous activity in connection with the property and there is no question of using proceeds from any commercial use of the property for charitable purposes. The property is exclusively used for such purposes and consequently the decision of the Board of Tax Appeals must be and is reversed.

Decision reversed.

Weygandt, C. J., Zimmerman, Middleton, Taet, Matthias and Hart, JJ., concur.