Weygandt, C. J.
 

 The appellants’ claim for the exemption of their newly purchased realty is based upon the provision of Section 5351, General Code, that “public property used for a public purpose shall be exempt from taxation.”-
 

 The first complaint of the appellants is procedural. They insist that the Board of Tax Appeals was in error in limiting its consideration and decision to the year 1941. That this was not erroneous is shown by the following decisive provision of cognate Section 5616, General Code:
 

 “Any person, board or officer authorized by this act to file complaints with the county board of revision
 
 *68
 
 may complain to the Tax Commission of Ohio [now to the Board of Tax Appeals] at any time prior to the thirty-first day of December in any year, of the determination of a county auditor respecting the liability of any property to taxation
 
 in that
 
 year, or its exemption therefrom.” (Italics supplied.)
 

 As previously stated, the appellants filed their application with the Board of Tax Appeals April 22, 1941, and under the plain, unambiguous terms of the statute the determination of the Board of Tax Appeals with reference to that application was limited to “that year.” Furthermore, the application itself states simply that it “is hereby made for the exemption from taxation for the tax year.”
 

 The substantive complaint of the appellants is that the Board of Tax Appeals misconstrued and misapplied the above quoted provision of Section 5351, General Code. They insist that the statutory language “public property used for a public purpose” does not. mean public property used
 
 exclusively
 
 for a public purpose, as held by the Board of Tax Appeals. There are • several answers to this contention. . In the first place, the clear wording of the statute is that the property must be used for a public purpose. Nothing is said about property used
 
 in part
 
 for a public purpose; and it is axiomatic that exemptions from taxation are not favored by the law. Such an intention must be expressed clearly. Secondly, in construing this statute the Board of Tax Appeals followed the views repeatedly expressed by this court.
 
 Columbus Metropolitan Housing Authority
 
 v.
 
 Thatcher, Aud.,
 
 140 Ohio St., 38, 42 N. E. (2d), 437. And finally,.this provision was enacted by the General Assembly under favor of Section 2 of Article XII of the Constitution of Ohio that general laws may be passed to exempt from taxation “public property used exclusively for any public purpose.” If there were
 
 *69
 
 doubt as to the meaning of the statutory language it is completely removed by the inescapable limitation placed in the Constitution by the people of this state when they employed the simple and universally understood word “exclusively.” Obviously, “used exclusively” does not mean “used in part.”
 

 A study of the record in this case discloses no evidence indicating that the realty in question was used exclusively for a public purpose during the year 1941. The undisputed facts are that at no time during that year was the public library of Akron located on this property; that the library was not moved to this property until February of the following year; and that during the year 1941 the basement and the first floor of the building were undergoing a process of remodeling, while the third floor was occupied by commercial tenants from whom a rental of $1262.26 was received.
 

 Under these circumstances the decision of the Board of Tax Appeals manifestly was neither unreasonable nor unlawful and must be affirmed.
 

 Decision affirmed.
 

 Matthias, Hart, Zimmerman, Bell, Williams and Turner, JJ., concur.