Turner, J.,
 

 concurring in the judgment. I am convinced that the decision of the Board of Tax Appeals
 
 *259
 
 is the result of what, from the record at least, appears to be an inadvertent answer and a confusion of a prior application for exemption which was properly denied on the ground that admission to the college was then limited to Christians.
 

 I maintain that the record clearly discloses that admission to the college (junior or senior) is not limited to Christians.
 

 The Cleveland Bible College is accredited with the State Department of Education to issue degrees. The college itself has three programs of study: (1) a four-year program which results in the degree of Bachelor of Theology; (2) another four-year course which results in' the degree of Bachelor of Sacred Music; and (3) a two-year course which is a junior college course that offers a liberal arts education. The first two years of each of these three courses are practically the same and credit therefor is accorded to students transferring to other accredited colleges. The college is open to the public, to all graduates of an accredited high school regardless of race, color or religion, subject only to the ability of the college to take care of its applicants. Among the students are some who have indicated no denominational affiliation.
 

 The Bachelor of Theology degree is not a requirement of any church; it is simply a degree offered by the school and recognized by churches.
 

 The stumbling block in this case has been the answer of the business manager to the question of the examiner as follows:
 

 “Q. And it wouldn’t be necessary that a man neces■sarily be a Christian to go to school, here? A. Not under the junior college setup.”
 

 The record shows that seventeen denominations were represented in the student body, that the college is open to any one regardless of religious belief and regardless of whether he has any belief at all. Near
 
 *260
 
 the close of the journal entry of the Board of Tax Appeals it is said:
 

 “While the testimony of Reverend Marvin A. Leist is that the college is open to anyone regardless of religious belief and further that they have students who have indicated no denominational affiliation or anything, yet to the last question of Examiner Kirwin to Reverend Leist, he testified that it would not be necessary for a student to be a Christian to enter the junior college. We are therefore lead to believe that a student who desires to enter the senior college of this institution must be a Christian and that an atheist or a Jew or a member of other religious beliefs would not be accepted as a student to this college and, therefore, that this college is not open to the public generally.”
 

 Except for the above answer of Reverend Leist we find no support in the record for the board’s deduction. To the contrary, the record is clear that the college (both junior and senior) is open to all. During the ora] argument counsel for appellant stated categorically that for admission to the junior college as well as to the third and fourth years, there was no requirement that an applicant for admission must be a Christian. A confusion was no doubt brought about through a former application for exemption which was refused. After a prior application for exemption was refused the college amended its constitution by deleting therefrom three paragraphs which required for admission “genuine Christian experience” and a recital that “experience has taught that it is beneficial neither to pupil nor institution to admit students whose habits of life and Christian character were not established,” and, “(3) Those not willing to .conform to the usage of the college are not desirable.”
 

 According to the record there were no such conditions for admission existing at the time the instant case was heard or when the application for exemption
 
 *261
 
 ■was made. I agree with the attorney for appellant in the closing paragraph of his brief wherein he says "that:
 

 “Appellant is an institution of learning, open to the public generally, offering to the public a general education, not operating with a view to profit, and it is therefore entitled to tax exemption.”
 

 I see no reason for criticism of any of our earlier -cases. Here we have a request for exemption from an institution of learning which is open to all. If the record has been wrongly interpreted in this case it may be corrected upon a later application. (Paragraph one of the syllabus in the case of
 
 Pfeiffer et al.
 
 v.
 
 Jenkins et
 
 al., 141 Ohio St., 66, 46 N. E. (2d), 767.)
 

 I agree that the decision of the Board of Tax Appeals is unreasonable and unlawful and should be reversed.
 

 Hart, J., concurs in the foregoing concurring ■opinion.