99 N.E.2d 473 (1951)
155 Ohio St. 507
GOOD SAMARITAN HOSPITAL ASS'N OF SANDUSKY
v.
GLANDER, Tax Com'r, et al.
No. 32533.
Supreme Court of Ohio.
May 31, 1951.
B. G. Zeiher, Sandusky, for appellant.
C. William O'Neill, Atty. Gen., William E. Didelius, Prosecuting Atty., Sandusky, and Robert E. Leach, Columbus, for appellees.
PER CURIAM.
As the record discloses that since on and before tax-lien day 1950 the property in question, acquired by appellant for use for a charitable purpose, was undergoing repairs and remodeling to condition it for the charitable use for which it was acquired, and there being nothing in the record to show that during such time it had been used for a noncharitable purpose, the Board of Tax Appeals was in error in denying the exemption. Its decision is unlawful and unreasonable and is, therefore, reversed.
Decision reversed.
STEWART, MIDDLETON, TAFT and HART, JJ., concur.
WEYGANDT, Chief Judge, ZIMMEMAN and MATTHIAS, JJ., dissenting.
Prospective use of property for an exempted purpose does not warrant its present *474 exemption from taxation. Incorporated Trustees of Gospel Worker Society v. Evatt, Tax Comm'r, 140 Ohio St. 185, 42 N.E.2d 900; Pfeiffer et al., Trustees of Akron Public Library, v. Jenkins et al., Board of Tax Appeals, 141 Ohio St. 66, 46 N.E.2d 767; Ursuline Academy of Cleveland v. Board of Tax Appeals, 141 Ohio St. 563, 49 N.E.2d 674; and Welfare Federation of Cleveland v. Glander, Tax Comm'r, 146 Ohio St. 146, 64 N.E.2d 813.