Taft, J.
Tax exemption is sought under the provisions of Section 5349, General Code, which reads, so far as material to a consideration of this case:
“* * * houses used exclusively for public worship, the books and furniture therein and the ground attached to such buildings necessary for the proper occupancy, use and enjoyment thereof * * * shall be exempt from taxation * * V ’
Admittedly, the premises were entitled to tax exemption under this statute both before the old church building was torn down and after the new church building had been dedicated.
In Good Samaritan Hospital Assn. v. Glander, Tax Commr., 155 Ohio St., 507, this court said in the per curiam opinion:
“As the record discloses that since on and before tax-lien day 1950 the property in question, acquired by appellant for use for a charitable purpose, was undergoing repairs and remodeling to condition it for the charitable use for which it was acquired, and there being nothing in the record to show that during such time it had -been used for a noncharitable purpose, the Board of Tax Appeals was in error in denying the exemption.”
*185 It may be observed that in the instant ease the property in question on tax-lien day in 1948 had not merely been acquired for use exclusively for public worship but it had previously been so used for a period of years. If repairs and remodeling to condition newly acquired property for a charitable use did not require a holding in the Good Samaritan case that the property there involved was not used exclusively for charitable purposes, it would seem to follow in the instant case that the tearing down of the old church and the building of the new church should not be held to amount to an interruption of the use of such church property exclusively for public worship.
There is no contention in this case that the period of time involved in the tearing down of the old church' and the construction of the new church was an unreasonable length of time.
It has been contended that, after the old building was torn down and before the new building was completed, there was no house usable for public worship and that Section 5349, General Code, provides exemption only for “houses.” Technically, this may be correct but, as this court has previously stated, although provisioiis for exemption from taxation should be given a strict construction, that construction should be reasonable. In re Bond Hill-Roselawn Hebrew School, 151 Ohio St., 70, 84 N. E. (2d), 270. We are of the opinion that it would be unreasonable to approve such a technical contention.
In our opinion, the decision of the Board of Tax Appeals in the instant case is unlawful and unreasonable and is, therefore, reversed.

Decision reversed.

Weygandt, C. J., Stewart, Middleton and Hart, JJ., concur.