Matthias, J.
The principal question raised by this appeal is whether real property acquired by a public library for library use is exempt from taxation under the provisions of Section 5709.08, Revised Code, as public property used exclusively for public purposes, even though such use has not actually begun.
Thus we are presented directly with the question of whether an intent to use property for one of the statutory exempt uses is sufficient to entitle such property to be exempt from taxation or whether it is necessary that such use be actual and physical before an exemption can be granted. In other words, what constitutes use within the contemplation of the provisions relating to tax exemptions?
Although it is axiomatic that tax-exemption statutes must be strictly construed against the exemption, such construction must be tempered with reason. As we said in In re Bond HillRoselawn Hebrew School, 151 Ohio St., 70, 84 N. E. (2d), 270, “although constitutional provisions for exemption from taxation should be given a strict construction, that construction should be reasonable and one which will not defeat the intention which the people expressed by the words which they used.’’
To determine our present question, we must consider the reasons and theory underlying tax exemptions.
The entities to which tax exemptions have been granted, whether governmental or nongovernmental in character, are such as are being operated for the benefit of the public.
Where the entity is governmental in character and is supported and maintained from the public revenues, no public benefit would result from a taxation of its property. Since its funds originate from the public revenues, taxation would only result in taking funds derived from public revenues and returning them to the general disbursing fund. The result would be an increase in the cost of collecting taxes and the necessity of a larger appropriation to the entity so that it could return in *67 the form of taxes a part of the revenues allocated to it, from taxes. -
As Judge Hart said in Dayton Metropolitan Housing Authority v. Evatt, Tax Commr., 143 Ohio St., 10, 17, 53 N. E. (2d), 896, 152 A. L. R., 223:
“The philosophy or reason for the tax exemption of public property, as described in the statute, is that inasmuch as it is purchased and maintained by public revenues derived from taxation, its taxation would not inure to any public advantage. In such case, the tax debtor is also the tax creditor. The exemption of such property from taxation avoids the burden of the collection of tax revenues from and their disbursement to the same public entity of tax revenues arising from and devoted to the same property. The product of one tax should not be made the subject of another.”
Where the entity is nongovernmental in character, deriving its funds from voluntary contributions and perhaps from charges for its services, the exemption is also based on public benefit. That is, nongovernmental entities which have been granted tax exemptions are entities that operate for the benefit of the public. Since the sole legitimate purpose of taxation is to benefit the public, to tax property already devoted to public use would be merely to divert funds from one public benefit to another.
Thus the basic purpose of the tax-exemption provisions with which we are concerned is to allow certain entities which are operated for the public benefit to devote their funds entirely to that use without diminution by way of taxation.
It is, of course, appellant’s theory that until there is an actual physical use of property for a public purpose there can be no tax exemption. A very strict construction of the tax-exemption statutes would require this conclusion. However, as we have previously said, this strict construction must be tempered with reason.
It is a matter of common knowledge that, even though property is acquired for an intended use, actual physical occupancy cannot begin immediately. Even where, as in the present case, there is an existing physical structure, there are usually *68 certain structural changes necessary to make it fit the needs of the purchaser. Granting the availability of funds, plans must be prepared, bids let and the actual construction work take place. All these preparations consume time during which actual physical use cannot begin.
In instances where a structure must be built before an actual physical use can begin, in addition to the preparation of plans, the letting of bids and the actual construction, quite frequently it is necessary to procure funds, either by appropriation, the selling of bonds by a governmental entity or, in the case of nongovernmental entities, by voluntary contributions. All these matters necessarily consume time during which there, can be no actual physical use.
This court has already recognized the necessity of these delays and has approved exemptions where the actual construction work has begun.
In Board of Education v. Board of Tax Appeals, 149 Ohio St., 564, 80 N. E. (2d), 156, we said:
“Real property, title to which is vested in and held by a board of education for school purposes and upon which funds have been expended and improvements made preparatory to the construction of school buildings thereon, may be exempted from taxation pursuant to the provisions of Section 2, Article XII of the Constitution, and of Section 4834-16, General Code, even though no schoolhouse has been constructed on such property.” See, also, In re Application for Exemption from Taxation, 165 Ohio St., 180, 134 N. E. (2d), 152; In re Application of Ohave Scholem Congregation for Exemption from Taxation, 156 Ohio St., 183, 101 N. E. (2d), 767; and Good Samaritan Hospital Assn. v. Glander, Tax Commr., 155 Ohio St., 507, 99 N. E. (2d), 473.
It is unrealistic to differentiate between those instances where the property acquired for an intended public use is under construction and where construction has not yet begun.
It is the purpose and intent of the tax-exemption statutes with which we are concerned that the funds of the exempt entity be devoted exclusively to the benefit of the public for that particular use, and to so differentiate and deny an exemp *69 tion to property acquired for such use but not presently so used would defeat the purpose of tbe exemption statutes.
Thus, where an entity, which under the law is entitled to have its property exempted from taxation, acquires real property with the intention of devoting it to a use exempting it from taxation, such property is entitled to be exempted from taxation, as long as it is not devoted to a nonexempt or commercial use, even though actual physical use of the property for the exempt purpose has not yet begun.
In other words, it is not necessary that actual physical use of property for an exempt purpose be commenced before it is entitled to be exempted from taxation. It is sufficient if it is acquired by the organization entitled to the exemption, with the intention of devoting it to an exempt use.
The second question raised by appellant relates to the question of ownership. A part of the land upon which the building stands is not owned in fee by appellee, but is held under a 99-year lease renewable for two 99-year terms. It is appellant’s contention that such an ownership does not entitle appellee to an exemption. Appellant cites in support thereof the case of the City of Dayton v. Saines, Aud., 156 Ohio St., 366, 102 N. E. (2d), 590. That case, however, is not similar to the present case. There ownership was in the municipality, while the use was being made by the federal government under a lease. There was no unity of ownership and use.
Here, however, the situation is different. We have previously held that ownership under a 99-year lease renewable forever constitutes a freehold estate. Ralston Steel Car Co. v. Ralston, 112 Ohio St., 306, 147 N. E., 513, 39 A. L. R., 334, the first paragraph of the syllabus of which is:
“Where the owner of real estate leases the same to another and to his heirs and assigns for a term of 99 years, renewable forever, the estate created by such instrument becomes a freehold estate in real property and becomes subject to the laws of descent as an estate in fee.”
Although it is apparent that there is a clear distinction between a 99-year lease which is renewable forever and a 99-year lease which is renewable for two such terms, and we do not in *70 tend to extend the doctrine of the Ralston Steel Car case beyond the holding there, we do conclude, in line with the general thought behind that case and the statute considered therein, and from what we have said herein, that property held under a 99-year lease, renewable for two such terms, by an entity, which under the law is entitled to have its property exempt from taxation, is exempt from taxation to the same extent as property held in fee by such entity.
Therefore, laws exempting property from taxation apply to real property held under a 99-year lease, renewable for two such terms, to the same extent as real property held in fee.
The decision of the Board of Tax Appeals allowing the exemption is neither unreasonable nor unlawful and is, therefore, affirmed.

Decision affirmed.

Weygandt, C. J., Stewart, Taft, Bell and Herbert, JJ., concur.
Zimmerman, J., dissents.