150 So.2d 230 (1963)
HUNGERFORD CONVALESCENT HOSPITAL ASSOCIATION, a corporation not for profit, Petitioner,
v.
Frank K. OSBORN, as Tax Assessor of Duval County, Clyde Simpson, as Tax Collector of Duval County, S.M. Slaughter, as Clerk of the Circuit Court of Duval County, Ray E. Green, as Comptroller of the State of Florida, Respondents.
No. 31812.
Supreme Court of Florida.
February 13, 1963.
Rehearing Denied March 11, 1963.
Chester Bedell, Jacksonville, for petitioner.
Walter C. Shea, J. Henry Blount and Coffee & Shepard, Jacksonville, for respondents.
DREW, Justice.
Writ of certiorari has issued in this case to review a decision affirming a final decree which dismissed petitioner's complaint seeking a declaration of tax exemption as a charitable corporation under F.S. Sec. 192.06 F.S.A.[1] The alleged conflict *231 is with Orange County v. Orlando Osteopathic Hospital, Fla. 1953, 66 So.2d 285, and Miami Battlecreek v. Lummus, 140 Fla. 718, 192 So. 211.
The facts involved are fully and fairly stated in the opinion of the district court.[2] Predicated upon a recitation that half of the patients paid more than the actual cost involved in their maintenance and the overall average monthly income per patient slightly exceeded the per patient cost, the court concluded that the petitioner hospital "has failed to allege facts from which an inference could be fairly drawn that its funds are devoted exclusively to benevolent and charitable purposes." Petitioner's contention, with which we agree, is that this decision, upon the facts set forth in the complaint and opinion, conflicts with the clear holding of the cases above cited that realization of a profit from hospital operations will not forfeit charitable status where such funds are devoted to the charitable purposes of the institution.
Allegations of the complaint in the trial court, quoted in the opinion in this case are that the hospital charter requires that all charges made for services and facilities over and above actual expenses shall be used in the care and treatment of persons unable to pay therefor; that the plaintiff hospital "has * * * used [the subject property] for the purposes for which Plaintiff was so organized * * * and the rents, issues and profits of said property have been used for the benevolent and charitable purposes of said institution. * * * The Plaintiff has no requirements for admission other than the need of such services and the availability of a bed for such patient. Plaintiff undertakes to charge each patient so received on the basis of ability to pay and particular care needed."
The complaint adequately states a claim for exemption under the statute. It contains, as above recited, allegations of facts showing a substantial charitable use and an avowed compliance with stated restrictions on use of funds consistent only with exclusive charitable use. Under these circumstances, whatever profit may be indicated by mathematical computation of receipts and disbursements, the principle of the cited cases requires that the complaint be sustained. The District Court's opinion sustaining the action of the trial court in holding the complaint failed to state a cause of action is, therefore, in direct conflict with the Orange County and Battlecreek cases, supra. Accordingly, the judgment is quashed and the cause remanded for further proceedings.
It is so ordered.
ROBERTS, C.J., and THORNAL, O'CONNELL and CALDWELL, JJ., concur.
NOTES
[1] "192.06 Property exempt from taxation.  * * *

"(3) Such property * * * charitable and scientific institutions within this state as shall actually be occupied and used by them for the purpose for which they have been * * * organized; provided, not more than seventy-five per cent of the floor space of said building or property is rented and the rents, issues and profits of said property are used for the educational, literary, benevolent, fraternal or charitable purposes of said institutions; * * *." (Emphasis supplied.)
[2] Fla.App., 138 So.2d 786.