JOHNSON, Judge.
This is an appeal from a final judgment of dismissal of the amended complaint, entered on the pleadings consisting of appellant’s amended complaint and ap-pellees’ motion to dismiss.
The amended complaint prayed for a judgment declaring that the real and personal property of the appellant be held exempt from taxation because the same was held and used for a retirement community, exclusively for a charitable purpose within the purview of the Constitution and Statutes of Florida.
The complaint alleges as facts: That the property in question is owned by the appellant, a non-profit Florida corporation, and used to provide a home for “clergymen, missionaries, Y.W.C.A. and Y.M.C.A. secretaries and other religious, social and educational administrators and workers, their wives, children and/or other dependents, who shall by reason of old age, accident or bodily infirmity, and through lack of money, be unable to care for themselves, or need such homes.” It further alleged that the appellant corporation, as a benevolent and charitable institution, acquired its original property in Clay County, Florida by gifts; that all the buildings were donated. That residents of the community were asked to make payments, if they were able to do so, to help defray the necessary expenses of operation; that the cost of operation exceeded the income of the corporation. Further, it was pointed out that charges were made upon the basis of ability to pay and the particular care needed. Specified rates were set up. A copy of the appellant’s charter as amended is attached to and made a part of the complaint, and in said charter, it is provided that the property should be used for the purposes outlined supra, and that the total valuation of all the assets of said corporation could not exceed $2,000,000.00 and that in the event of dissolution of the corporation, all the remaining assets, after paying any accrued debts, should be distributed only to another charitable corporation having for its purpose the continuation of the primary purposes of appellant corporation.
The defendants, appellees herein, moved to dismiss said amended complaint on the grounds that said complaint failed to allege facts from which an inference can be fairly drawn that its property is devoted exclusively for religious, scientific, municipal, educational, literary or charitable purposes within the meaning of Section 16, Article XVI of the Florida Constitution, F.S.A.; that the exemption claimed, if granted, was in conflict with the First Amendment of the Constitution of the United States, as well as the Fourteenth Amendment thereof, as well as being in conflict with Section 6 of the Declaration of Rights of the Florida Constitution.
The trial court granted the motion to dismiss, with prejudice, holding that the plaintiff had not shown its property to be exempt under such controlling decisions as Haines v. St. Petersburg Methodist Home, Inc., 173 So.2d 176 (Fla.App.2d, 1965) and Presbyterian Homes of Synod of Fla. v. City of Bradenton, 190 So.2d 771 (Fla.1966).
Within the past few years, our Supreme Court has had several occasions to construe the Sections of the Florida Constitution and Statutes involved here.
In Presbyterian Homes of Synod of Fla. v. City of Bradenton, 190 So.2d 771, in a 4 to 3 decision, the Supreme Court of Florida affirmed a lower court decision denying tax exemption to an alleged nonprofit corporation as a home for elderly people. This decision consolidated some five cases on the same subject. The argument advanced therein by the appellants was that although said plaintiff corporations could *79 not qualify under any one of the separate exemptions, they did qualify through a combination thereof. The Supreme Court rejected this theory on the ground that the Courts could not enlarge the exemption granted by the Constitution. This case was decided in October 1966.
To like effect was a decision by the Second District Court of Appeals of Florida in Haines v. St. Petersburg Methodist Home, Inc., 173 So.2d 176, decision in 1965, where the court speaking through Judge White in a very comprehensive opinion held that said appellee was not entitled to the exemption. In this case, it was pointed out that said Home’s net assets had jumped from $50,000 to approximately $850,000, and further held that although altruistically motivated and serving a socially constructive purpose, said corporation was a financially viable institution whose property was not entitled to tax exemption.
In 1963, the Florida Supreme Court in Hungerford Convalescent Hospital Association v. Osborn et al.,[1] in a five judge concurring opinion, with no dissents, held the property of a convalescent home to be exempt from taxation, although the residents thereof paid more than the actual cost involved in their maintenance at said home. The Court held that the realization of a profit from hospital operations will not forfeit the charitable status where such funds are devoted to the charitable purposes of the institution. The facts in this case are very similar to the facts in the case sub judice.
In the later case of Jasper et al. v. Mease Manor, Inc., 208 So.2d 821 (Fla.1968), the Supreme Court of Florida again held the property of the appellee to be exempt from taxation. In this latter case, the court was dealing primarily with F.S. Sec. 192.06 (14), F.S.A. adopted by the 1965 Florida Legislature, but the facts therein were very similar to those in the case sub judice. Again, the court was divided 4 to 3, and we think it significant to point out that three of the concurring justices in this case, were the three dissenting justices in the Presbyterian Homes case supra, 190 So.2d 771, and the author of this latter case was one of the concurring justices in the Presbyterian case supra.
We point out these otherwise immaterial things to point up the fact that it appears that each case of this kind must stand upon the peculiar facts of each case and the particular wording of the corporate charter of each claimant as well as the actual practice pursued. The latter case cited supra of Jasper v. Mease Manor, while limiting its application to the 1965 amendment of F.S. 192.06(14) F.S.A., we feel, is also applicable to the provisions of F.S. 192.06(3) F.S.A. and- while 192.06 (14) is not retroactive to the 1965 tax, it is pursuasive as a legislature definition of “charitable,” so that it may be said to be useful in construing the word “charitable” as used in F.S. 192.06(3) F.S.A.
The appellant in the present case, points out that its claim of exemption is by virtue of 192.06(3) and therefore not limited to the years 1966 and 1967, but also for 1965. The appellant has heretofore been exempt for 1964 and prior years. It has been declared exempt by the United States Internal Revenue Department, and even by a decree of the Circuit Court for 1964. The facts in this case, we think distinguish it from the Haines v. St. Petersburg Methodist Home, supra and Presbyterian Homes of Synod of Fla. v. City of Bradenton, supra, in that the provisions of the appellant’s charter provides for a maximum value on its holdings of $2,000,000.00, and also provides for a perpetual continuance of the use of its property for the charitable purposes for which it was organized, by it or its successors.
As pointed out supra, because of the decisions of our courts on the subject, we feel and so hold that each case must stand upon its own factual situation. In the *80 present- case, we feel and so hold, that the plaintiff below alleged sufficient allegations in its complaint, that if true, would entitle said plaintiff to the exemption prayed for, and stated a good cause of action.
Therefore, the order appealed from is reversed and said cause remanded for such further action by the lower court as may be necessary for an adjudication on the facts consistent with the views of this Court herein expressed.
Reversed and remanded.
WIGGINTON, C. J., and SPECTOR, J., concur.

. Hungerford Convalescent Hospital Association v. Osborn et al., 150 So.2d 230 (Fla.1963).