**[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 387.]**

MERIDIAN TECHNOLOGY LEASING CORPORATION, APPELLEE *v*. TRACY, TAX COMMR., APPELLANT.

[Cite as *Meridian Technology Leasing Corp. v. Tracy*, 1995-Ohio-336.]

*Taxation—Personal property tax—Computer equipment leased to and used by domestic insurance company not entitled to exemption pursuant to R.C. 5725.25(A), when.*

(No. 94-994—Submitted May 10, 1995—Decided August 30, 1995.)

Appeal from the Board of Tax Appeals, No. 92-M-994.

_____

{¶ 1} The Tax Commissioner appeals from the decision and order of the Board of Tax Appeals ("BTA") exempting from personal property tax certain computer equipment owned by appellee, Meridian Technology Leasing Corporation ("Meridian"), and leased by it to Progressive Casualty Insurance Company ("Progressive"). Meridian is an Illinois corporation engaged solely in the business of leasing equipment.

{¶ 2} On or about July 22, 1986, Meridian entered into a master lease agreement with Progressive for the lease of certain computer equipment. During 1989, the tax year at issue, Progressive was licensed and paid tax as a domestic insurance company. Progressive used the leased computer equipment in its insurance business. The master lease, and supplements thereto, between Meridian and Progressive provided that title to the equipment remained with Meridian, and Progressive had only the right to use the equipment. For the tax year at issue, Meridian listed the computer equipment leased to Progressive on its personal property tax return and paid the tax. As required by the terms of the master lease, Progressive reimbursed Meridian for the personal property taxes paid by Meridian for the leased computer equipment.

**{¶ 3}** This case was commenced by Meridian's filing of an application for final assessment for tax year 1989 with the Tax Commissioner, seeking exemption for the computer equipment leased to Progressive. The commissioner denied the request for exemption, and Meridian filed its notice of appeal with the BTA. The BTA reversed the commissioner and agreed with Meridian, stating that "the correct focus should be on the use of the property, and we find that the appellant has proved that the property in issue was used by a domestic insurance company in furtherance of its domestic insurance business * * *."

**{¶ 4}** This cause is before the court upon an appeal as a matter of right.

_____

*Baker & Hostetler, Edward J. Bernert* and *George H. Boerger* for appellee.

*Betty D. Montgomery*, Attorney General, and *James C. Sauer*, Assistant Attorney General, for appellant.

_____

**Per Curiam.**

**{¶ 5}** The Tax Commissioner contends that the BTA disregarded the plain language of R.C. 5725.25(A) and incorrectly focused on the "use of the property." The commissioner maintains that ownership of the property and assets, not their use, is the criterion for the exemption set forth in R.C. 5725.25(A).

**{¶ 6}** Meridian contends that the computer equipment in question is entitled to exemption pursuant to R.C. 5727.25(A), which provides that domestic insurance companies are subject to real estate taxes, but that the annual franchise tax levied by R.C. 5725.18 "shall be in lieu of all other taxes on the other property and assets of such domestic insurance company." Meridian contends it is entitled, under the terms of R.C. 5725.25(A), to exemption of the computer equipment leased to Progressive. Meridian further contends that it is entitled to the exemption because the property in question need not be owned by a domestic insurance company to be exempt from personal property tax.

**{¶ 7}** The language at issue is found in R.C. 5725.25(A), which states that the annual domestic insurance company franchise tax "shall be in lieu of all other taxes on the other property and assets of such domestic insurance company." A reading of the plain language of this statute and interpretation of the word "of" in the context of the statute and according to common usage, R.C. 1.42, lead to only one conclusion: the "property and assets of" the domestic insurance company exempted by R.C. 5725.25(A) are the "property and assets" owned by the domestic insurance company. Mindful that exemptions from taxation are not favored by the law and that the intention to grant an exemption must be clearly expressed, *Pfeiffer v. Jenkins* (1943), 141 Ohio St.66, 25 O.O. 197, 46 N.E.2d 767, we find that no other meaning can logically be attached to this language. R.C. 5725.25(A) is devoid of any concept that the exemption is to be based upon the use of the property by the domestic insurance company. In *Poe v. Seaborn* (1930), 282 U.S.101, 109, 51 S.Ct.58, 75 L.Ed. 239, 243, the United States Supreme Court was required to interpret a tax provision which assessed a tax upon the "net income of every individual." The court stated that "[t]he use of the word 'of' denotes ownership. It would be a strained construction, which, in the absence of further definition by Congress, should impute a broader significance to the phrase."

**{¶ 8}** While the computer equipment in question may have been leased to and used by Progressive, the terms of the master lease agreement, clearly state that the equipment always remained the property of Meridian; title was never transferred from Meridian to Progressive, and the computer equipment never became the "property and assets of" Progressive. The exemption from all other taxes (except real estate taxes) granted to domestic insurance companies by R.C. 5725.25(A) is granted in exchange for their payment of an annual franchise tax. The facts in this case show that only Progressive was taxed as a domestic insurance company. Meridian, the owner of the computer equipment, was not a domestic

insurance company and did not pay the annual franchise tax levied by R.C. 5725.18; therefore, its ownership of personal property is not exempted by R.C. 5725.25(A).

{¶ 9} The BTA and Meridian relied on this court's decision in *CC Leasing Corp. v. Limbach* (1986), 23 Ohio St.3d 204, 23 OBR 384, 492 N.E.2d 421, as authority to support their position. The issue in *CC Leasing Corp.*, however, was whether nuclear fuel rod assemblies leased to Toledo Edison Company and Cleveland Electric Illuminating Company should be listed for taxation full value based upon their *use* by the electric companies for generating electricity, or listed at a reduced value based upon their *use* by the leasing company in its leasing business. The statute at issue in *CC Leasing Corp.*, R.C. 5711.22(C), required personal property "used for the generation" of electricity for others to be listed and assessed at its true value in money. This court held that although the leasing company used the nuclear fuel rod assemblies in its leasing business, the leased property was ultimately used by the electric companies for the generation of electricity for others, and therefore was required to be listed at full value. In *CC Leasing Corp.* the listing status was, according to statute, determined by the ultimate *use* of the property by the lessees, not by the lessor's use or ownership of the property. When, as in this case, the relevant criterion for exemption is ownership, the ownership must be determined by the facts and cannot be imputed.

{¶ 10} A second contention raised by Meridian is that its position is reinforced by R.C. 5725.25(B) which subjects to tangible personal property tax the property owned by a domestic insurance company and leased or held for leasing to a person other than an insurance company for use in business. Meridian's logic is that because equipment owned by a domestic insurance company and leased to a domestic insurance companies remains exempt, property leased to a domestic insurance company by a company that is not a domestic insurance company should also be exempt. Meridian's argument is not compelling because it overlooks the fact that for the exemption contained in R.C. 5725.25(A) to be effective for leased

4

property, the leased property must be both owned by a domestic insurance company and leased by it to an insurance company for use in business. The exemption set forth in R.C. 5725.25(A), whether or not the property is leased, is premised on ownership of the property by a domestic insurance company. In this case Meridian, not Progressive, always retained ownership of computer equipment in question; therefore, the exemption is not applicable to Meridian.

**{¶ 11}** The decision of the BTA was unreasonable and unlawful. Accordingly, the decision of the BTA is reversed.

*Decision reversed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____